# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-1299

_____

John E. Searcy, III,         *

       *

         Appellant,        *

       *   Appeal from the United States

       v.        *   District Court for the

       *   Eastern District of Arkansas.

Charles E. Clawson, Jr., individually    *

and in his official capacity as Judge of    *      [UNPUBLISHED]

the Chancery Court of Van Buren        *

County, Arkansas, Third Division,       *

Twentieth Judicial District,        *

       *

         Appellee.        *

_____

Submitted: June 11, 2003

Filed: July 2, 2003

_____

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

John E. Searcy, III, appeals the District Court's[1] dismissal of his 42 U.S.C. § 1983 action against Judge Charles E. Clawson, Jr., of the Chancery Court of Van Buren County, Arkansas, who presided over a quiet-title action involving property

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

the Internal Revenue Service had seized from Searcy. Having carefully reviewed the record, we affirm. See Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (noting court reviews questions regarding subject matter jurisdiction de novo), cert. denied, 531 U.S. 1183 (2001).

We agree with the District Court that Searcy's claims are barred by the Rooker-Feldman doctrine.[2] Searcy's due process claims would have required the District Court to determine the propriety of Judge Clawson's rulings on jurisdiction, evidentiary issues, and the merits of the quiet-title action. See Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (noting with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments; jurisdictional bar applies to straightforward appeals as well as to "indirect attempts by federal plaintiffs to undermine state court decisions"). Further, this court has previously rejected the void-judgment argument Searcy urges on appeal. See Snider v. City of Excelsior Springs, Mo., 154 F.3d 809, 812 (8th Cir. 1998) (noting that under Rooker-Feldman rule, "no federal district court has jurisdiction to decide that the state court judgment was void").

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923).